**IN THE COURT OF APPEALS OF IOWA**

No. 22-0206
Filed January 25, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RAYMOND LEE EDWARDS JR.,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Des Moines County, John M. Wright,

Judge.

    A defendant appeals his conviction for possession of contraband in a county

jail.  **AFFIRMED.**

    Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

    Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.

    Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

Raymond Edwards Jr. was convicted of possessing contraband in a county jail, a class "C" felony. *See* Iowa Code §§ 719.7(3)(c), 719.7(4)(a) (2021). On appeal, he argues his conviction was not supported by sufficient evidence that he possessed either a dangerous weapon or an object fashioned in such a manner as to be capable of inflicting death or injury. Because there was substantial evidence that he fashioned tin foil into an object capable of inflicting physical pain, and therefore injury, we affirm.

**I. Background Facts and Prior Proceedings.**

After dinner on May 4, 2021, correctional officers in the Des Moines County Jail received a handwritten note from an inmate threatening another inmate.[1] The correctional officers began investigating the circumstances surrounding the animosity, and Edwards admitted to writing the note; he also told officers that if nothing happened, he would take things into his own hands because he didn't feel safe. The correctional officers were told that Edwards had potential weapons in his cell. Inside the pages of a book, Correctional Officer Dakota Day found tin foil from the lid or lids of an applesauce container, which had been folded to create a pointed end.[2] Both the recovered object and a photo of it were admitted at trial as exhibits; we include the photo for reference:

---

[1] The note, submitted into evidence at trial, said "The next time [the other inmate] in cell F2C comes out his cell, his life can end, he should be moved immediately!"
[2] Correctional officers also found a bolt and washer, which were initially included in Edwards's charges. But, after the State rested its case-in-chief, Edwards moved for judgment of acquittal, which was granted as to the bolt.



Correctional Officer Day testified at trial that he tested the rigidity of the tin foil object. That test convinced him that, with enough blunt force, the object "could definitely do some damage" and could "puncture skin." He further explained that the object "had a sharp, pointed edge, similar or consistent to many of the shanks[3] [he has] seen."

Deputy Sheriff Eric Blodgett[4] interviewed Edwards, who explained he had folded the tin foil[5] to use as a bookmark and to clean out his ears. Edwards also told Deputy Blodgett he wrote the threatening note because the other inmate was harassing him. When asked, Deputy Blodgett stated, "I poked [the tin foil] into my own skin to see how the tip on it was, but I didn't want to change the structure of the item." Deputy Blodgett opined that the applesauce container lid was formed into a "pointed weapon" with a "spear-like tip" that "could cause injury to [a] person."

The jury ultimately found Edwards guilty. He was sentenced to ten years in prison, but the sentence was suspended and he was placed on supervised probation for five years. He now appeals.

---

[3] A "shank" is "an often homemade knife." *Shank*, Merriam-Webster, https://www.merriam-webster.com/dictionary/shank (last visited Jan. 5, 2023).
[4] Deputy Blodgett testified he was trained in how to identify weapons.
[5] The tin foil object was preserved as it was found, so it is unclear exactly how many lids were used.

**II. Analysis.**

Edwards argues his conviction is not supported by sufficient evidence because there was no evidence that the tin foil was (a) a dangerous weapon or (b) fashioned in such a manner as to be capable of inflicting death or injury.[6] We evaluate a sufficiency-of-the-evidence challenge for correction of errors at law. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). We give great deference to the jury's verdict and uphold it if substantial evidence supports it; "[s]ubstantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* "[W]e view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted).

The State was required to prove that Edwards, "[w]hile confined in the Des Moines County Jail . . . knowingly made, obtained or possessed . . . a dangerous weapon, or . . . other material fashioned in such a manner as to be capable of inflicting death or injury."[7] "Injury" was then defined as "physical pain, illness or any impairment of physical condition."

"Injury," as defined for the jury, does not require anything more than physical pain; this is a relatively low threshold. With testimony from Deputy Blodgett that the object could cause injury, as well as the testimony from Correctional Officer Day about the rigidity of the tin foil, that it could puncture skin, and that it was

---

[6] Edwards does not challenge any other element of the crime charged.

[7] "Where, as here, the jury was instructed without objection, the jury instruction becomes law of the case for the purposes of reviewing the sufficiency of the evidence." *State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018).

similar to other shanks he has seen, the jury could find that the object was capable of causing physical pain and, therefore, injury. So, taking the evidence in the light most favorable to the State, there was sufficient evidence that Edwards fashioned the material in such a matter that it was capable of inflicting injury.

**III. Conclusion.**

Because Edwards's conviction was supported by substantial evidence, we uphold his conviction.

**AFFIRMED.**